IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MAKUSHA GOZO | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv1 |
| ATTORNEY GENERAL, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Makusha Gozo, formerly an inmate confined at the Federal Correctional Complex located in Beaumont, Texas, proceeding *pro se*, brought the above-styled action.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff submitted this action as an amended petition filed in a previous petition for writ of habeas corpus. Plaintiff's pleading was severed from the petition to form this civil rights lawsuit. The pleading was not signed by plaintiff when submitted. Accordingly, on November 16, 2023, plaintiff was ordered to submit a signed Civil Rights Complaint form setting forth his claims. Plaintiff's compliance was due on or before the expiration of twenty days from the date of the order.

FED. R. CIV. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962).

On January 10, 2023, plaintiff filed a motion for extension of time in which he mentions that he is seeking legal representation. Plaintiff states he needs additional time to obtain certain data to furnish prospective counsel. Plaintiff, however, offers no explanation for his failure to comply with

the order to file a signed complaint which only requires personal knowledge, nor does plaintiff request a specific amount of time needed to file the complaint.

As of this date, plaintiff has not submitted a completed and signed complaint form, as ordered. Therefore, plaintiff has failed to diligently prosecute this action. Accordingly, this case should be dismissed for want of prosecution pursuant to FED. R. CIV. P. 41(b). Plaintiff, however, is granted an extension of fourteen days in which to comply with the order to submit a signed complaint. If plaintiff complies with the order within fourteen days, this report will be withdrawn.

## Recommendation

This case should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b).

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 7th day of February, 2024.

                                               Zack Hawthorn
                                               United States Magistrate Judge